## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

    v.                                                                    **CIVIL NO. 2:20-cv-603**

**RENNA L. STUTZMAN**
**a.k.a. Renna Henkle**
7078 Township Road 94
Lewistown, OH 43333

**JONAS H. STUTZMAN**
7078 Township Road 94
Lewistown, OH 43333

**LOGAN COUNTY TREASURER**
100 South Madriver Street
Bellefontaine, OH 43311

**OHIO DEPARTMENT OF TAXATION**
150 East Gay Street, 21st Floor
Columbus, OH 43215

       Defendants.

## COMPLAINT IN FORECLOSURE

1.     This Court has jurisdiction under 28 U.S.C. § 1345.

2.     On or about December 4, 2003, Renna L. Stutzman and Jonas H. Stutzman

("the Stutzmans") executed and delivered to the United States Small Business

Administration ("SBA") a Note dated November 25, 2003, in the original amount of one

hundred eighty thousand and no/100 dollar ($180,000.00). A copy of the Note is

attached hereto as Exhibit A, and is fully incorporated and made a part hereof by reference.

3.      The Stutzmans agreed to the following terms as set forth in the Note:

> In return for a loan, Borrower promises to pay to the order of SBA the amount of **One Hundred Eighty Thousand and no/100** Dollars, interest on the unpaid principal balance, and all other amounts required by this Note. . . . Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$754.00** every **month** beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will ten apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Thirty (30) Years** from the date of the Note.

*See* Ex. A, at ¶¶ 1, 3 (emphasis in original).

4.      The Stutzmans further agreed that the Note would be in default if, among other specified conditions of default, they failed to "may a payment when due under this Note." *Id.* at ¶ 4.

5.      In order to secure the payment of said Note, on or about February 25, 2004, the Stutzmans executed and delivered to the SBA a Mortgage ("Mortgage"). Said Mortgage was duly recorded in Book 703, Page 625, on February 26, 2004, in the Logan County Recorder's Office. A copy of the Mortgage is attached hereto and incorporated by reference as Exhibit B.

6.      The Mortgage was secured by the real property described in Exhibit A to the Mortgage, incorporated by reference herein ("the Real Property"). The Real

Property is commonly known as 7078 Township Road 94, Lewiston, Ohio 43333, and bears Parcel No. 51-032-00-00-024.

7.    The Mortgage is a valid and subsisting first and best lien upon the Real Property, subject only to the lien of the Logan County Treasurer for real estate taxes and/or assessments.

8.    The conditions of the Note and Mortgage have been broken by virtue of the Stutzmans' failure to make payments as required by the Note and Mortgage and they are currently in default.

9.    SBA has declared the entire indebtedness due on the Note and secured by the Mortgage to be immediately due and payable.

10.    The following sums are due to the SBA:

| | | |
|---|---|---|
| (A) | Unpaid principal | $126,348.96 |
| (B) | Accrued interest | $39,879.35 |
| | TOTAL (as of January 31, 2020) | $166,228.31 |

11.    As of January 31, 2020, there is a total amount of $166,228.31 due and owing to Plaintiff. *See* Certified Statement of Account, attached hereto as Exhibit C.

12.    SBA is entitled to have the Mortgage foreclosed, the equity of redemption of all Defendants having an interest in the Real Property forever cut off and barred, and the Real Property sold with the proceeds of sale applied upon the indebtedness owing SBA.

13.    The defendant, Treasurer of Logan County, Ohio has or may claim some lien or interest in said mortgaged premises by reason of unpaid real estate taxes or assessments thereon pertaining to Parcel Number 51-032-00-00-024.

14.    The defendant, Ohio Department of Taxation, has or may claim some lien or interest in the Real Property by reason of a Certificate of Judgment filed on August 22, 2014, in Case No. SL 14 08 0731.

WHEREFORE, the United States of America prays:

    a.    That the Court find there is due and owing to the United States of America on the mortgage indebtedness of the Stutzmans as of January 31, 2020, the principal sum of $126,348.96; plus interest in the amount of $2,336.17; plus outstanding interest in the amount of $37,543.18; for a total sum due and owing to the United States of America of $166,228.31, as of January 31, 2020; together with interest accruing at the rate of $9.73 per day from January 31, 2020, to the date of judgment, plus interest thereafter at the legal rate for judgments provided by 28 U.S.C. § 1961, plus all costs, disbursements and expenses until the date of sale;

    b.    That the Court find said mortgage of the SBA is a good, valid, and subsisting first lien against the real property described in said mortgage, subject only to any lien of the Logan County Treasurer for real estate taxes and/or assessments;

    c.    That the Court find the SBA is entitled to the foreclosure of said mortgage and the equity of redemption therein;

    d.    That defendants herein named be required to establish their respective claims and liens, if any, pertaining to the Real Property, or be forever barred from asserting the same;

    e.    For an order foreclosing the Mortgage and equity of redemption as set forth herein, determining the validity of all other claims and liens against the mortgaged premises, and subjecting the mortgaged premises to sale free and clear of the liens and claims of the parties to this action, for the purpose of satisfying the claim of the United States of America;

f.  That the priority of liens against the real property be determined by the Court, and the proceeds of sale of said real property, after proper court costs, be distributed among the owners and holders of liens against said real property in their order of priority as determined by the Court; and

g.  For all further and proper relief, both legal and equitable, to which the parties hereto may be entitled.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/Leah M. Wolfe
LEAH M. WOLFE (0093299)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Telephone: (614) 469-5715
Facsimile: (614) 469-5240
E-mail: leah.wolfe@usdoj.gov



| | U.S. Small Business Adminstration | Date: **November 25, 2003** |
|---|---|---|
| | **NOTE** | **Loan Amount: $180,000.00** |
| | **(SECURED DISASTER LOANS)** | **Annual Interest Rate: 2.812%** |

**Control # 3528-00009**　　　　　　　　　Loan #

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>**One Hundred Eighty Thousand and no/100**</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. **B)** "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of $754.00 every <u>**month**</u> beginning <u>**Five (5)**</u> months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable <u>**Thirty (30) Years**</u> from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor; **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or, **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **WHEN FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

**EXHIBIT**

A



8. **GENERAL PROVISIONS: A)** All individuals and entities signing this Note are jointly and severally liable. **B)** Borrower waives all suretyship defenses. **C)** Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. **D)** SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. **E)** Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. **F)** If any part of this Note is unenforceable, all other parts remain in effect. **G)** To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. **H)** SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Dated this 4th day of December, 2003.

Renda L. Stutzman

Jonas H. Stutzman

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
801 Tom Martin Drive, Suite 120
Birmingham, Alabama, 35211

THIS INSTRUMENT PREPARED BY AND MAIL TO:
Terry J. Miller, Attorney/Advisor
U.S. SMALL BUSINESS ADMINISTRATION
One Baltimore Place, Suite 300
Atlanta, Georgia 30308
(404)347-3771

STUTZMAN, Renna L. and Jonas H.
# 3528-00009 Loan No.

*Stutzman*

STATE OF OHIO
LINDA HANSON                    5P
LOGAN COUNTY RECORDER
D 2004001943              OR 703/625
PAM Date 02/26/2004    Time 11:05:40
Recording Fees:              52.00

2-25-04            XmK

——— SPACE ABOVE THIS LINE FOR RECORDER'S USE ———

# MORTGAGE
## (Direct)

This mortgage made and entered into this 7th day of February 2004, by and between Jonas H. Stutzman, who acquired title as Jonas Stutzman and Renna L. Stutzman, who acquired title as Renna Henkle, husband and wife, 7078 Township Road 94, Lewistown, Ohio 43333 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 801 Tom Martin Drive, Suite 120, Birmingham, Alabama, 35211

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Logan, State of Ohio:

Described in Exhibit "A" attached hereto and made a part hereof.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated November 25, 2003 in the principal sum of $180,000.00 and maturing on November 25, 2033.

1.      The mortgagor covenants and agrees as follows:

   a.      He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   b.      He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

   c.      He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for

1

**EXHIBIT**

**B**

foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

      *d.*      For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

      *e.*      The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

      *f.*      He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

      *g.*      He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

      *h.*      He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

      *i.*      He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

      *j.*      All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

      *k.*      The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2.      Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3.      The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless

D 2004001943      OR 703/626

STUTZMAN, Renna L. and Jonas H.
3528-00009 / DLH 65793740-07

of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4.      The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5.      In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement*.

6.      In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7.      The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8.      No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9.      In compliance with section 101.106 of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.106], this instrument is to be construed and enforced in accordance with applicable Federal law.

D 2004001943                OR 703/627

10.    A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11.    Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 7078 Township Road 94, Lewistown, Ohio 43333 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 801 Tom Martin Drive, Suite 120 Birmingham, Alabama, 35211.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

STATE OF _Ohio_                    )
                                   )ss.
COUNTY OF _Logan_                  )

I, _Lisa Stevens_ ,
a Notary Public in and for said County and State, do hereby certify that Renna L. Stutzman, and Jonas H. Stutzman personally appeared before me this day and acknowledged that they signed, delivered and executed the foregoing instrument. Witness my hand and notarial seal this the 25th day of _Feb_ , 2004.

_Lisa Stevens_
Notary Public
My Commission Expires: _May 11, 2004_

Renna L. Stutzman

Jonas H. Stutzman

RECEIVED

MAR 1 1 2004

LEGAL DEPT.

D 2004001943            OR 703/628

4.

Name: <u>STUTZMAN, Renna L. and Jonas H.</u>

Control No. / Loan No: <u>3528-00009</u> /

## EXHIBIT "A"

Situated in the State of Ohio, County of Logan, Township of Washington and being part of Virginia Military Survey 9925-9946-10121 and more particularly described as follows:

Beginning at a railroad spike in the center of Township Road No. 94 at the northwest corner of Charles L. Howard's 232.71 acre tract. said railroad spike being Sta. 81+18 as shown in Logan County Engineer's Field Book No. 571, Page 63: thence with said Howard's north line, N. 60 degrees 56' E. 520.6 feet to a stone in the I.C.&E. Traction Company's (State of Ohio) right of way line, passing a stone at 18.03 feet; thence with said right of way line, N. 64 degrees 30' W. 150.0 feet to an iron bar; thence S. 60 degrees 56' W. 407.5 feet to a railroad spike in the center of said T.R. 94; thence with the centerline of said T.R. 94, S. 17 degrees 00' E. 125.0 feet to the place of beginning.
Containing 1.30 acres, more or less. Parcel No. 51-032-00-00-024

Prior Instrument Reference: Volume <u>OR276</u>, Page <u>438</u>, Deed Records of Logan County, Ohio.

More commonly known as: 7078 Township Road 94, Lewiston, Ohio 43333.

D 2004001943          OR 703/629

 U. S. SMALL BUSINESS ADMINISTRATION 

January 28, 2020
RENNA L/JONAS H STUTZMAN
7078 TOWNSHIP ROAD 94
LEWISTOWN, OH 43333
Re: SBA Loan No.

RENNA L/JONAS H STUTZMAN

Please accept this letter in response to your recent request for payoff information on the above referenced loan.

As of January 31, 2020, the payoff balance on this loan is as follows:

**Principal Balance** 126,348.96
**Interest** 2,336.17
**Outstanding Interest** 37,543.18
**Total Due** 166,228.31

**For each day after January 31, 2020, please add interest at a rate of $9.73 per day.**
*Please add at least 7 business days of interest to allow for mail transit and processing.

The figures provided are from SBA records and subject to verification by SBA's Denver Finance Office. Payments are posted with the effective date of receipt, and recent payments may not be reflected in this balance. Any overages will be refunded as appropriate.

**Payment Options:**

**Online:**
You can pay online at https://www.pay.gov and click on the link under 'Make a 1201 Borrower Payment'.

**By Mail:**
Please forward payoff funds, **made payable to SBA,** to one of the following addresses:

NOTE: Payments sent to the below PO Box address must be sent using the US Postal Service. The PO Box cannot accept payments sent using UPS of FedEx.

Standard Mailing Address:

SBA
PO Box 3918
Portland, OR 97208-3918

Overnight Express Mailing Address:

US Bank
ATTN: SBA #3918
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230


Please allow four to six weeks for the processing of any release documents. This agency recognizes that time is of the essence in this transaction. If an expedited release of collateral is needed or if the prepared release should be forwarded to a representative other than borrower, please forward these requests to SANTA ANA LOAN LIQUIDATION CENTER OR FAX: 714-567-0136. Please contact our office for wiring instructions or if you have questions.

Sincerely,
NATIONAL DISASTER LOAN RESOLUTION CENTER

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Renna L. Stutzman |
| **(b)** County of Residence of First Listed Plaintiff    Franklin<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Logan<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Leah M. Wolfe, 303 Marconi Blvd., Ste. 200<br>Columbus, Ohio 43215, 614-469-5715 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    Another District
    *(specify)*

☐ 6  Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345
Brief description of cause:
This is a complaint in foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
02/03/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Leah M. Wolfe

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| United States of America )<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Renna L. Stutzman, et al.<br><br>_____<br>*Defendant(s)* | Civil Action No.  2:20-cv-00603 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Logan County Treasurer
100 South Madriver Street
Bellefontaine, OH 43311

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Leah M. Wolfe
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, OH 43215

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:20-cv-00603

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Renna L. Stutzman, et al. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.   2:20-cv-00603

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Ohio Department of Taxation
150 East Gay Street, 21st Floor
Columbus, OH 43215

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Leah M. Wolfe
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, OH 43215

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:20-cv-00603

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*

                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No.  2:20-cv-00603 |
| Renna L. Stutzman, et al. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Jonas H. Stutzman
7078 Township Road 94
Lewistown, OH 43333

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Leah M. Wolfe
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, OH 43215

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   2:20-cv-00603

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No.   2:20-cv-00603 |
| Renna L. Stutzman, et al. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*    Renna L. Stutzman
a.k.a. Renna Henkle
7078 Township Road 94
Lewistown, OH 43333

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Leah M. Wolfe
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, OH 43215

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____

                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:20-cv-00603

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: